UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Garcia Vergara Nelson Javier,<br><br>Petitioner<br><br>v.<br><br>Pamela Bondi,<br><br>Respondent | Case No.: 2:25-cv-02495-JAD-DJA<br><br>**Order** |

*Pro se* Petitioner Garcia Vergara Nelson Javier, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center after a final order of removal has been issued, has submitted for filing a petition for writ of habeas corpus challenging the lawfulness of his detention,[1] along with an application to proceed *in forma pauperis*.[2] The information provided in the application to proceed *in forma pauperis* indicates that Nelson Javier is unable to pay the filing fee for this action, so I grant him leave to proceed without paying the filing fee. I also find that appointment of counsel in this case is in the interests of justice.[3] And having conducted a preliminary review of the habeas petition, I direct that the petition be served on the respondent, and I order the respondent to file a response.

IT IS THEREFORE ORDERED that that petitioner's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Petitioner is granted leave of court to proceed *in forma pauperis* and will not be required to pay the filing fee for this action.

---

[1] ECF No. 1-1.

[2] ECF No. 1.

[3] *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

IT IS FURTHER ORDERED that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate the inability to represent petitioner) within 7 days of the date of this order. If the FPD is unable to represent the petitioner because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

1. **SEPARATELY FILE** the Petition for Writ of Habeas Corpus (ECF No. 1-1).

2. **ELECTRONICALLY SERVE** upon the FPD a copy of this order and a copy of the petition for writ of habeas corpus (ECF No. 1-1).

3. **DELIVER** a copy of the petition for writ of habeas corpus (ECF No. 1) and this order to the U.S. Marshal for service.

4. **ADD** the United States Attorney for the District of Nevada to the docket as an interested party.

5. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1) and this order to the United States Attorney's Office for the District of Nevada at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with FRCP 5(b)(2)(E).

6. **MAIL** a copy of the Petition (ECF No. 1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure (FRCP) to:

    1)     Pamela Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530

    2)     John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060

IT IS FURTHER ORDERED that the U.S. Marshal **SERVE** a copy of the petition (ECF No. 1) and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United States Attorney in accordance with FRCP 4(i)(1)(A)(i).

IT IS FURTHER ORDERED that counsel for the respondent must file a notice of appearance within 7 days of the date of this order and file and serve the response to the petition within 14 days of the date of this order, unless additional time is allowed for good cause shown. The respondent must file any documents referenced or relied upon in the responsive pleading with that pleading.[4] Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with FRCP 6(b) and Local Rules IA 6-1, 6-2.

---

[4] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

IT IS FURTHER ORDERED that the respondents must not transfer petitioner out of this district,[5] with the exception of effectuating the petitioner's lawful deportation.

_____
U.S. District Judge Jennifer A. Dorsey
December 19, 2025

---

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").